**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

MYSON PAGARIGAN ALMENDRAS;
ANDREW PAGARIGAN ALMENDRAS,

Petitioners,

v.

ERIC H. HOLDER, Jr., Attorney General,

Respondent.

No. 06-74831

Agency Nos.  A071-579-883
A071-579-884

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 15, 2011[**]

Before:     CANBY, FERNANDEZ, and M. SMITH, Circuit Judges.

Myson Pagarigan Almendras and Andrew Pagarigan Almendras, natives and

citizens of the Philippines, petition for review of the Board of Immigration

Appeals' order dismissing their appeal from an immigration judge's decision

denying their application for asylum, withholding of removal, and protection under

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

the Convention Against Torture ("CAT"). We review for substantial evidence factual findings, *Nagoulko v. INS*, 333 F.3d 1012, 1015 (9th Cir. 2003), and de novo claims of due process violations in removal proceedings, *Colmenar v. INS*, 210 F.3d 967, 971 (9th Cir. 2000). We deny the petition for review.

Petitioners do not challenge the agency's finding that they failed to establish past persecution. Substantial evidence supports the agency's finding that petitioners failed to demonstrate a well-founded fear of future persecution on account of their father's intelligence work in the Philippines twenty years ago. *See Molina-Estrada v. INS*, 293 F.3d 1089, 1096 (9th Cir. 2002) (when a petitioner has not established past persecution, the agency may "rely on all relevant evidence in the record, including a State Department report, in considering whether the petitioner has demonstrated that there is good reason to fear future persecution."). Accordingly, petitioners' asylum claim fails.

Because petitioners failed to establish eligibility for asylum, they necessarily failed to meet the more stringent standard for withholding of removal. *See Zehatye v. Gonzales*, 453 F.3d 1182, 1190 (9th Cir. 2006).

Substantial evidence supports the agency's denial of CAT relief because petitioners failed to establish it is more likely than not they would be tortured if

returned to the Philippines. *See El Himri v. Ashcroft*, 378 F.3d 932, 938 (9th Cir. 2004).

Finally, contrary to petitioners' contention that they were prejudiced because of a faulty transcript, the proceedings were not "so fundamentally unfair that [they were] prevented from reasonably presenting [their] case." *Colmenar*, 210 F.3d at 971 (citation omitted). Moreover, petitioners failed to demonstrate that re-transcribing would have affected the outcome of the proceedings. *See id.* at 971-72 (requiring prejudice to prevail on a due process challenge).

**PETITION FOR REVIEW DENIED.**